**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

TIMOTHY MATHEW and
LISA MATHEW

    Plaintiffs,

vs.

**JURY TRIAL DEMANDED**

FUTURE MOTION, INC,

    Defendant.
_____/

# COMPLAINT

Plaintiffs Timothy Mathew and Lisa Mathew sue Defendant Future Motion, Inc., and allege:

## JURISDICTIONAL STATEMENT AND IDENTIFICATION OF THE PARTIES

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, Timothy Mathew, is an individual over the age of 18 and is *sui juris* and resides in the State of Texas.

3. Plaintiff, Lisa Mathew, is an individual over the age of 18 and is *sui juris* and resides in the State of Texas.

4. Defendant, FUTURE MOTION, is a corporation organized and existing under the laws of Delaware with its principal place of business in California.

5. Defendant FUTURE MOTION may be served with process by serving its registered agent, A Registered Agent, Inc., 8 The Green, Ste. A, Dover, Delaware 1990 I.

6. FUTURE MOTION distributed and sold the OneWheel XR that forms the basis of this Complaint ("Subject OneWheel") to Plaintiff via its website. FUTURE MOTION sells its OneWheel products throughout the State of Florid.

7. This Court is authorized to exercise personal jurisdiction over Defendant FUTURE MOTION pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(I)(a) (I), (I)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant:

   a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

   b. Committing a tortious act within Florida; or

   c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

8. This Court is further authorized to exercise personal jurisdiction over Defendant FUTURE MOTION pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant FUTURE MOTION is engaged in substantial and not isolated activity within Florida.

9. FUTURE MOTION derives substantial revenues from products it sells in the State of Florida.

10. FUTURE MOTION marketed, distributed, and sells its OneWheel products in Florida FUTURE MOTION marketed, distributed, and sells its OneWheel products to third parties across the State of Florida.

11. Defendant FUTURE MOTION has purposefully availed itself of the benefits and the protections of the laws of the State of Florida and has sufficient contacts such that the exercise of jurisdiction would be consistent with traditional notions of fair play and substantial justice.

12. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims stated herein occurred in the State of Florida.

## CONDITIONS PRECEDENT

13. All conditions precedent have been satisfied or excused.

## ONEWHEEL BACKGROUND

14. FUTURE MOTION's "OneWheel" product, including the GT model, is a self-balancing, battery- powered, one wheeled transportation device that is often described as an electric skateboard. The product was and is designed, developed, manufactured, produced, distributed, marketed, and sold by Defendant FUTURE MOTION. Upon information and belief, FUTURE MOTION developed and designed the subsystems that power the OneWheel, including motors, power electronics, battery modules, and smartphone applications ("apps").

15. Operation of FUTURE MOTION's OneWheel is controlled and/or monitored, in part, by an "app" installed on users' smartphones. The OneWheel app allows users to view their total miles, battery life, speed, and other information.

16. FUTURE MOTION promotes itself as being "IN THE BUSINESS OF MAKING THE FUTURE RAD." (https://onewheel.com/pages/about-us). A promotional

video on FUTURE MOTION's website states that the OneWheel was designed to make riders forget that "there are thousands of calculations happening per second to keep you perfect." The same video depicts the OneWheel device being operated in concrete drainage basins, through standing water, on an open highway (with cars approaching), across dirt paths, on the beach, through wooded areas, across fallen logs, and on and off the sidewalk. OneWheel-sponsored videos show users riding both with and without helmets.

17. One of OneWheel's key features (and its most dangerous and unpredictable feature) is that it will provide the rider with "pushback" when approaching the device's limits during use. Often, however, instead of or in addition to pushback, which is allegedly designed as a warning to riders to avoid a dangerous situation, the OneWheel will simply shut off and nosedive, resulting in the rider being catapulted off the device. The harder the device works to maintain operations, the less the OneWheel is able to assist the rider in balancing.

18. Once the motor's resources reach a critical point, the motor's normal ability to help the rider balance disappears, and the rider will experience an unexpected nosedive. Often, this will feel to the rider like the motor suddenly cut out or shut down. Different factors impact when and what will cause the OneWheel to shut down and nosedive, including the rider's weight, tire pressure, wind direction, battery level, rider stance, and the grade of incline or decline. Thus, predicting exactly when a nosedive will occur or what will cause one is practically impossible.

19. The primary cause of "pushback" nosediving is velocity. When experiencing velocity pushback, the rider will purportedly feel the nose of the board rise to

various degrees when a certain velocity is reached. Often, velocity pushback occurs at a speed lower than that of the maximum due to the above-mentioned factors.

20. Pushback and nosedives also occur on inclines and declines, purportedly to alert the rider that the motor may be becoming overworked. The problem with this form of pushback, however, is that it is difficult to discern when the rider is feeling pushback, or whether it is the natural resistance caused by the incline/decline. While ascending hills, riders are already pressing against the nose and the grade of the hill to ascend, and therefore may not discern pushback. While descending, a rider may not feel pushback because his/her weight is likely to already be on the tail to control speed. Pushback in such situations will likely result in a sudden nosedive or tailspin, especially if the rider is unaware that the board is giving them pushback. Again, the result will be that the rider feels the board suddenly shut down during operation.

21. Another form of pushback occurs when the OneWheel is nearing battery depletion. This pushback purportedly alerts riders by elevating the nose dramatically. When the OneWheel purportedly senses that the batteries are about to be damaged by over-depletion, the board will shut off entirely, leaving the rider to suddenly and unexpectedly recalibrate his/her balance, often resulting in the rider being thrown from the board.

22. Yet another form of pushback is referred to as regeneration pushback. One way that the OneWheel recharges its battery is to collect kinetic energy when going down a decline and to reserve such power in the battery. However, this may result in the battery becoming overcharged, which would damage the battery. FUTURE

MOTION "addressed" this problem by designing the board to suddenly and unexpectedly shut down to prevent battery damage, at the expense of rider safety. Instead of allowing the battery to overcharge, prior to regeneration-related damage to the battery, the OneWheel will shut down. The same problems in discerning pushback while ascending/descending also occur in this situation.

23. Another common cause of nosedives is acceleration. If a rider attempts to accelerate quickly, the motor may not support the sudden weight and force on it and the nose will suddenly drop. Yet, FUTURE MOTION advertises its OneWheels' ability to accelerate quickly, even from a complete stop. Such acceleration nosedives can happen at any speed, even from a dead stop, and the rider will feel as though the motor has suddenly cut out or shut off. Tail-slides occur when the rider shifts his/her weight onto the back of the board and thereby overwhelms the motor. In that case, the tail of the board will suddenly drop and slide on the ground, causing the rider to become instantly unbalanced.

24. Not only is it prohibitively difficult to determine when nosedives/tailspins/shut-offs will occur, but the result of such unexpected and undiscernible events almost invariably cause the rider to be ejected or fall from the board, resulting in severe injuries, as occurred in this case. A OneWheel nosedive or shut-off is not a mild event as it might be with any other type of vehicle. The front of the board violently slams into the ground and the rider is thrown forward.

25. On September 29, 2023, FUTURE MOTION recalled all models of the OneWheel due to crash hazards.

**THE INCIDENT**

26. On or about March 29, 2022, Plaintiff Timothy Mathew was riding the Subject OneWheel on the street in Riverview Florida.

27. Plaintiff was riding the Subject OneWheel when, suddenly and without warning, the Subject OneWheel "nosedived," throwing Plaintiff from the board and causing him to hit the ground with great force. As a result of being unexpectedly thrown from the Subject OneWheel, Plaintiff suffered substantial injuries.

28. Shortly thereafter, Plaintiff went to the emergency room at St. Joseph's Hospital-South, Riverview Florida for treatment.

29. The Subject OneWheel is defective in its design, manufacture, and/or warning.

30. The defective condition of the Subject OneWheel rendered the product unreasonably dangerous for its designed, intended, and foreseeable uses.

31. The risk of danger associated with designing, manufacturing, distributing, supplying, and selling the Subject OneWheel as it was outweigh any real or perceived benefits. At the time the Subject OneWheel was designed, manufactured, distributed, supplied, and sold, alternative designs, formulations, and methods of manufacturing existed that would have resulted in a safer and more useful product with little to no increase in cost.

32. The Subject OneWheel's defective and unreasonably dangerous condition existed at the time the Subject OneWheel left Defendants' final possession, custody, and control. The Subject OneWheel remained in its defective and unreasonably dangerous condition until and throughout the incident that forms the basis of this lawsuit.

### COUNT I-STRICT LIABILITY

**(Plaintiff Timothy Mathew v. Defendant, Future Motion, Inc.)**

33. Plaintiff readopts and re-alleges and incorporates paragraphs 1 through 31 of this Complaint as if fully stated herein.

34. Defendant FUTURE MOTION designed, manufactured, distributed, supplied, and sold the Subject OneWheel and otherwise placed the Subject OncWheel used by Plaintiff into the stream of commerce.

35. The Subject OneWheel is defective in its design, manufacture, and/or warning.

36. The Subject OneWheel's defective condition rendered it unreasonably dangerous for its designed, intended, and foreseeable uses.

37. The Subject OneWheel's defective condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff, Timothy Mathew, demands judgment against Defendant, Future Motion, Inc., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II-NEGLIGENCE

**(Plaintiff Timothy Mathew v. Defendant, Future Motion, Inc.)**

38. Plaintiff readopts and re-alleges and incorporates paragraphs 1 through 31 of this Complaint as if fully stated herein.

39. Defendant FUTURE MOTION designed, manufactured, distributed, supplied, and sold the Subject OneWheel and otherwise placed the Subject OneWheel used by Plaintiff into the stream of commerce.

40. Defendant FUTURE MOTION owed a duty to properly design, manufacture, distribute, supply, and sell the Subject OneWheel in a safe condition and without defect.

41. Defendant FUTURE MOTION owed a duty to adequately test, inspect, and assure the quality of the Subject OneWheel before placing it into the stream of commerce.

42. Defendant FUTURE MOTION owed a duty to provide adequate warnings, instructions, and information with the Subject OneWheel.

43. Defendant FUTURE MOTION breached the above duties.

44. Defendant FUTURE MOTION 's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

WHEREFORE, Plaintiff, Timothy Mathew, demands judgment against Defendant, Future Motion, Inc., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III – LOSS OF CONSORTIUM

**(Plaintiff Lisa Mathew v. Defendant, Future Motion, Inc.)**

45. Plaintiff Lisa Mathew readopts and re-alleges and incorporates paragraphs 1 through 31 of this Complaint as if fully stated herein.

46. On September 10, 2023, the date of the subject incident, and at all times material to this action, Plaintiff Timothy Mathew, and Plaintiff, Lisa Mathew, were husband and wife.

47. As a direct and proximate result of the negligence described herein above, Plaintiff Lisa Mathew, suffered the loss of the services, comfort, society, companionship and consortium of her husband, Plaintiff Timothy Mathew, for a substantial period of time.

WHEREFORE, Plaintiff, Lisa Mathew, demands judgment against Defendant, Future Motion, Inc., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury of all issues raised in this Complaint.

Dated this 13th day of March, 2024.

Respectfully submitted,

**THE LANDAU LAW GROUP**
Attorneys for Plaintiff
Matthew Landau (FBN 0445967)
matt@thelandaulawgroup.com
Paul Kunz (FBN 0159492)
paul@thelandaulawgroup.com
1300 N Federal Highway, Suite 205
Boca Raton, Florida 33432
Telephone:   954.964.0900
Facsimile:   954.964.0925

By: <u>S/   Matthew Landau    </u>
    Florida Bar No. 0159492